SARAH VAN BRUNT, PLAINTIFF-RESPONDENT, v. CHARLES WIENER, JACOB WIENER AND ABRAHAM WIENER, PARTNERS, ETC., ET AL., DEFENDANTS; CHARLES WIENER, DEFENDANT.

Submitted October 16, 1931—Decided February 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-respondent, *Eugene T. Sharkey.*

For the defendant-prosecutor, *Giordano, Golden & Hurley* (*Jules J. Golden,* of counsel).

PER CURIAM.

The suit is in the New Jersey Supreme Court, Monmouth Circuit, for the recovery of damages for personal injuries suffered by the plaintiff on August 29th, 1929, in a collision between an automobile in which the plaintiff was a passenger and a truck driven by defendant Abraham Wiener and, according to the original complaint, alleged to have been owned by Charles Wiener, Jacob Wiener and Abraham Wiener, partners trading as Charles Wiener & Sons. Beatrice Deming, owner and driver of the car in which the plaintiff was a passenger, was made a party defendant, but the plaintiff submitted to a voluntary nonsuit as to her. Before the case went to the jury the complaint was amended to contain three counts, the first count charging liability against the Wieners as partners trading under the firm name of Charles Wiener & Sons, the second count being in the alternative against the same persons as trading under the name of Charles

Wiener & Sons in the pursuit of a common enterprise, and the third count, also in the alternative, charging Jacob Wiener as owner of the truck and Abraham Wiener as his agent. The jury returned a verdict against Charles Wiener, Jacob Wiener and Abraham Wiener under the second count in the sum of $7,000. The rule to show cause issued to Charles Wiener, alone, and the argument is that the trial court erred in denying his motions for a nonsuit and for a directed verdict.

Charles Wiener is the father and Jacob and Abraham, brothers, are the sons of Charles. The plaintiff in her effort to prove the relationship of the defendants to each other and to the tort sued upon called all three of these defendants to the witness stand. The defendants were, as plaintiff's witnesses, obviously hostile and so termed by the trial judge; though this phase of the case is not an essential factor in our review.

The defendants were engaged in the plumbing and heating business in the city of Long Branch. The parts that they severally took in that business and towards each other are, according to their testimony, rather kaleidoscopic. The contention in behalf of the prosecutor of the rule is that there was no testimony to support the proposition that Charles Wiener at the time of the accident was participating in a joint enterprise with Jacob Wiener and Abraham Wiener, both or either, or that Abraham Wiener, in driving the truck on the morning of the accident, was acting in furtherance of any joint undertaking in which Charles Wiener participated. Our sole study will be to ascertain whether there was any such testimony, for if there was, then upon the motions for a nonsuit and for the direction of a verdict the court was not at liberty to consider the weight thereof but was under the obligation to take as true all the evidence which supported the view of the plaintiff and to give her the benefit of all legitimate inferences that were to be drawn therefrom in her favor. *Andre* v. *Mertens,* 88 *N. J. L.* 626.

Abraham Wiener, having testified that the name of "Charles Wiener & Sons" was on the truck which he was driving at

the time of the collision, was asked: "*Q.* You are a member of that firm, are you not? *A.* I am not. *Q.* Do you know the members of the Charles Wiener & Sons firm? *A.* They happen to be my father and brother. *Q.* Your father and brother? *A.* As members of the firm." And further: "*Q.* Now, Charles Wiener & Sons is engaged in the business of plumbing and heating; is that so? *A.* Yes, sir. *Q.* And sheet metal work? *A.* No; they are sellers of sheet metal work. *Q.* But they are and were in August of 1929, engaged in plumbing and heating? *A.* Yes, sir. * * * *Q.* And at that time weren't you working for Charles Wiener & Sons? *A.* No, not always."

It further appeared that all the Wieners did business at the same address, No. 2 Second avenue, which was a combination dwelling, where they all lived, and store and office where Charles Wiener & Sons did business. Not only did the truck bear the names Charles Wiener & Sons, but the stationery used by Jacob and by the father bore that same title as a business head. Charles, it appears, had a plumber's license to do business within the city of Long Branch but not outside that municipality, and when the outside job, toward which Abraham was driving at the time of the collision, came along this situation, as testified to by Jacob, developed: "He [the father, Charles] just had a Long Branch license, and I told my father I would take this job independent and I went out and got a license and I made a contract and I did the work;" but as to the materials: "I took them from him."

So, it was in evidence that Charles Wiener and his son Jacob constituted the firm of "Charles Wiener & Sons;" that each of them in doing business used stationery bearing that name as a letterhead; that a truck having that same name operated from No. 2 Second avenue, where Charles Wiener & Sons was the only business concern with an established business office; that that truck caused the collision; that at the time of the collision the truck was being driven by Charles' son, Abraham, and was carrying materials, which were furnished by Charles, to a job that was being done by

Jacob. There was contradictory testimony. But we consider that the evidence and the inferences that might legitimately be drawn therefrom in favor of the plaintiff were such as to justify the court in leaving to the jury the issue of the existence of the joint enterprise and the participation by Charles Wiener therein.

The rule to show cause will be dismissed, with costs.